UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF DISTRICT OF FLORIDA
BROWARD DIVISION

MELANIE SUAREZ, on behalf of herself
and others similarly situated

    Plaintiff,                                    CASE NO.:

v.

MOONLITE DINER II, INC, .a Florida Profit
Corporation, and LAMBROS KOKKINELIS,
individually

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MELANIE SUAREZ ("Suarez" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, MOONLITE DINER II, INC, ("MD") and LAMBROS KOKKINELIS ("KOKKINELIS")(collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, unpaid overtime wages, unpaid commissions, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. Plaintiff is an adult resident of Florida and was employed by Defendants as a non-exempt waitress employee from approximately March 2013 through May 3, 2017, working for Defendants in Hollywood, Florida.

5. At all times material hereto, Plaintiff was and continues to be a resident of Broward County, Florida.

6. At all times material hereto, MD was and continues to be a Florida Profit Corporation. Further, at all times material hereto, MD was and continues to be engaged in business in Florida, with its principal place of business in Broward County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, KOKKINELIS was, and continues to be, a resident of Broward County, Florida.

9. At all times material hereto, KOKKINELIS operated MD.

10. At all times material hereto, KOKKINELIS regularly held and/or exercised the authority to hire and fire employees of MD.

11. At all times material hereto, KOKKINELIS regularly held and/or exercised the authority to determine the work schedules for the employees of MD.

12. At all times material hereto, KOKKINELIS regularly held and/or exercised the authority control the finances and operations of MD.

13. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of MD; (b) determine the work schedules for the employees of MD; and (c)

control the finances and operations of MD, KOKKINELIS is an employer as defined by 29 U.S.C. 201 *et. seq.*

14. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

15. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

16. At all times material hereto, MD was, and continues to be, "an enterprise engaged in commerce," within the meaning of FLSA.

17. Specifically, Defendant had two (2) or more employees selling foods and services to promulgate Defendants' restaurant business.

18. At all times material hereto, Defendants accepted and processed payments from customers and others, which were drawn on out-of-state bank accounts.

19. At all times material hereto, MD was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

22. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

23. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

24. Plaintiff, and those similarly situated to her, are waitresses who worked for Defendants during the last three (3) years and were not properly paid minimum wage or overtime compensation.

## STATEMENT OF FACTS

25. Defendants hired Plaintiff to work as a non-exempt waitress employee.

26. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

27. Throughout her employment, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week, and/or minimum wage for all hours worked. Specifically, Defendants failed to pay Plaintiff any of the actual wages to which she was entitled.

28. Plaintiff should be compensated not only at the rate agreed to, but also for minimum wage, and at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

29. Defendants have violated Title 29 U.S.C. §§ 206 and 207, in that:

   a. Plaintiff worked for Defendants and was not paid minimum wage.

   b. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   c. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

4

      d.      Defendants failed to maintain proper time records as mandated by the FLSA.

30. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**
**(ALL DEFENDANTS)**

31. Plaintiff re-alleges and reavers paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

33. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

34. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

35. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

36. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. §207 MINIMUM WAGE
## (ALL DEFENDANTS)

39. Plaintiff re-alleges and reavers paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

40. Plaintiff worked numerous hours for Defendants, where Defendants failed to pay Plaintiff all minimum wages due under the FLSA.

41. Plaintiff was and is entitled to be paid minimum wage for all hours worked.

42. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a minimum wage for all hours worked when they knew, or should have known, such was, and is due.

44. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for minimum wage for all hours worked for Defendants.

46. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows: for overtime and minimum wage damages; liquidated damages, attorneys' fees and costs, for an Order certifying this case as collective action, and any and all relief that this Court deems proper under the FLSA.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: May 5, 2017

Respectfully submitted,

Richard Celler, Esq.
Florida Bar No. 017330
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*