UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60888-CIV-DIMITROULEAS

MELANIE SUAREZ, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

MOONLITE DINER II, INC., a Florida
corporation, and LAMBROS KOKKINELIS
individually,

    Defendants.
_____/

**JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT, MOTION FOR IN CAMERA REVIEW OR IN THE ALTERNATIVE A HEARING, AND JOINT MOTION FOR DISMISSAL WITH PREJUDICE**

    The Parties, the Plaintiff, Melanie Suarez, and the Defendant, Moonlite Diner II, Inc., a Florida corporation and Lambros Kokkinelis, by and through their undersigned attorneys, hereby notify the Court of their settlement of this case subject to and conditioned on the relief sought herein. Specifically the parties respectfully request entry of an order providing as follows, which Order is attached hereto, and has been provided under separate cover to the Court along with the settlement agreement which is attached hereto for the Court's review:

    1.    That the Court review and approve of the settlement of the action as negotiated between the parties, as set forth in the parties' settlement agreement; and

    2.    That the Court will, upon receipt of a stipulation for dismissal, which is being provided herewith along with the settlement agreement, providing notice from the parties that the conditions for dismissal have been met, dismiss the case with prejudice.

<u>APPROVAL OF SETTLEMENT AGREEMENT</u>

3. The case includes claims for overtime and minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The claim involves numerous contested issues of fact and law concerning the Plaintiff's claims. Defendant denies and disputes liability, particularly the claim that minimum wages are owed, and disputes damages entitlement and calculations, and the timeliness of all or part of many of Plaintiff's claims. With regard to the FLSA claim, there are bona fide disputes as to whether Defendant failed to pay the Plaintiff minimum wage, overtime, and whether the payments Defendant made to Plaintiff properly as part of a tip credit.

4. In light of the apparent risk and expense to both parties in continuing with the litigation, the parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, confidential settlement. At all times relevant to this action, the Plaintiff has been represented by Celler Legal, P.A., and has had the benefit of its counsel and advice.

5. A confidential settlement agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

6. The settlement agreement is, however, conditioned on the Court's approval of the settlement and subsequent dismissal of this action with prejudice. Therefore, the parties request an *in camera* review of the settlement agreement, and have provided that attached hereto for the Court's review.

7. The parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an agreed upon amount of attorneys' fees and costs. The attorneys' fees and costs were negotiated separately from the Plaintiff's award.

## DISMISSAL OF LITIGATION

Finally, the parties request that the Court dismiss the action, if it approves the settlement agreement. A proposed order to accomplish 1) approval of the settlement agreement; and 2) dismissal of the litigation, is submitted herewith and also under separate cover for the Court's convenience.

WHEREFORE, the parties hereby respectfully move for approval of the settlement and for entry of order reflecting their agreement to dismiss this action with prejudice.

Respectfully submitted,

| | |
|---|---|
| Celler Legal, P.A. | Glasser & Kleppin, P.A. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 7450 Griffin Road | 8751 W. Broward Blvd. |
| Suite 230 | Suite 105 |
| Davie, Florida 33314 | Plantation, FL 33324 |
| Tel. (954) 903-7475 | Tel. (954) 424-1933 |
| Fax (954) 903-7476 | Fax (954) 474-7405 |
| | |
| By: s/Noah E. Storch | By: s/Chris Kleppin |
| Noah E. Storch | Chris Kleppin |
| Florida Bar No. 0085476 | Florida Bar No. 625485 |
| | |
| Dated: April 4, 2018 | Dated: April 4, 2018 |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.  **The Parties.** For and in consideration of the promises and covenants contained in this Settlement Agreement and General Release ("Agreement"), the parties, Plaintiff, Melanie Suarez, for herself and her heirs, representatives, executors, administrators, successors and assigns (collectively referred to throughout this Agreement as "Suarez"), and Defendants, Moonlight Diner II, Inc. and Lambros Kokkinelis, and their respective officers, directors, agents, employees, insurers, successors, and assigns, as applicable (collectively referred to throughout this Agreement as "Defendants"), covenant and agree that:

2.  **Compromise Settlement.** This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner, as set forth below.

3.  **No Admissions.** This Agreement does not constitute an admission of liability on the part of Defendants specifically denies violation of any law, rule, regulation, contractual right or any other duty or obligation with respect to Suarez's employment with Defendants.

4.  **Consideration.** In consideration for signing this Agreement and General Release and compliance with the promises made herein, Defendants agree to pay to Suarez and her counsel the total sum of Fifty Thousand Dollars ($50,000.00), in full and final settlement and resolution of all claims made by Suarez as follows (Suarez receives $21,000.00) and the law firm receives ($29,000.00):

    a.  Within 20 days of Court approval, $20,000.00 of the settlement proceeds shall be paid to Suarez's counsel and, allocated as follows:

    i.  Melanie Suarez will receive $10,000.00 (Ten Thousand Dollars) in consideration of the wage and hour claims made by Suarez,

1

        including but not limited to overtime ($5,000) and liquidated damages ($5,000).

   ii.    The law firm of Celler Legal, P.A. will receive $10,000.00 (Ten Thousand Hundred Dollars) in consideration of claims made by Suarez and in this case, including but not limited to attorneys' fees, costs, and disbursements.

  b.    On or before 30 days from the payment in section a., $3,750.00 of the settlement proceeds shall be paid to Suarez's counsel, and for the next 7 months thereafter (for a total of 8 installment payments), 30 days apart (checks for $3,750.00) will be paid to Suarez's counsel, and allocated between her and her counsel so that she receives a total of $21,000.00 and the lawyer receives a total of $29,000.00, when added to the $20,000 initial payment.

The Parties agree to file a Joint Motion for Court Approval of Settlement Agreement and will attach this agreement as Exhibit 1, which will be executed by counsel for Defendants, as more fully set forth in Paragraph 9 below. Suarez agrees to hold Defendants harmless from any tax liability that may arise from the distribution of the funds from this Settlement, but the indemnity does not include any withholding due to be paid by the Defendants on these payments, if any. The Defendants provided the Plaintiff with a check for approximately $3,003.00 on or about March 2, 2018, and the Plaintiff agrees to have her counsel provide the check back to defense counsel.

Upon notification to Defendants' Counsel, Chris Kleppin, Esq. at ckleppin@gkemploymentlaw.com, of any failure by Defendants to pay the settlement sum of $50,000.00 due under Section 4 of this Agreement as set forth above, Defendants shall have five (5) business days following the notice of breach to cure any default (*i.e.*, failure to pay the agreed upon amount). However, if Defendants do not cure any default in their payment obligations

2

under this Agreement within the foregoing grace period, Plaintiff shall be entitled to a Consent Judgment against Defendants, in the amount of $50,000.00 less any amounts previously paid by Defendants, and Mr. Kokkinelis agrees to be personally bound. Additionally, Plaintiff shall be entitled to all reasonable attorneys' fees and costs incurred in obtaining the consent judgment (these fees and costs kick in after the expiration of the grace period).

5. **No Consideration Absent Execution of this Agreement**. Suarez understands and agrees that she would not receive the monies and/or benefits specified in Paragraph 4 above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

6. **General and Complete Release.** Except for the obligations required by this Agreement, Suarez does hereby release, acquit and forever discharge Defendants of and from any and all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, suits, debts, demands and benefits of whatever character in law, or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature, whatsoever, now existing or arising in the future based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement, including but not limited to, any claims or causes of action arising out of or in any way relating to Suarez's employment with Defendants, including but not limited to any alleged violation of:

- the Florida Public Employees Relations Act, as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;

3

- The Americans with Disabilities Act of 1990, as amended;

- The Age Discrimination in Employment Act of 1967, as amended;

- The Fair Labor Standards Act, as amended;

- The Occupational Safety and Health Act, as amended;

- The Family and Medical Leave Act, as amended;

- The Florida Civil Rights Act, as amended;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- The Florida Minimum Wage Act (*Florida Statutes* § 448.110(6)) or Art. X, § 24 of the Florida Constitution;

- Any public policy, contract, tort, or common law; and

- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

In consideration of the valuable consideration provided for in this Agreement, Suarez intends to give up any rights she might have under these or any other laws with respect to her employment with Defendants.

7.  **Release of Unknown Claims.** For the purpose of implementing a full and complete Release, Suarez expressly acknowledges that the Release she gives in this Agreement is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

4

8. **No Other Claims Exist.** Other than the Federal Court Action, as defined in paragraph 9 below, Suarez confirms that she has not filed, caused to be filed, and is not a party to any claim, charge, complaint, or action against Defendants in any forum. In the event that any such claim, charge, complaint or action is filed, relating to matters which existed on or before the date of this Agreement, except for enforcement of this Agreement, Suarez shall not be entitled to recover any relief or recovery therefrom, including costs and attorney's fees.

9. **Dismissal with Prejudice of Pending Lawsuit.** In or about May 2017, a lawsuit was filed styled <u>Melanie Suarez, Plaintiff, v. Moonlight Diner II, Inc. and Lambros Kokkinelis, Defendants</u>, Case No. 17-60888-CIV-DIMITROULEAS, in the United States District Court for the Southern District of Florida ("the Federal Court Action"), by Suarez. This Federal Court Action shall be dismissed with prejudice by means of a Joint Motion for Court Approval of Settlement signed by counsel for the parties.

10. **No Disparaging Comments.** Suarez covenants and agrees that she shall not engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks, (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of Defendants. Suarez agrees never to apply for employment with the Defendants in the future, and will bring no cause of action if she mistakenly applies, and believes that she is not hired unjustly. Likewise, Defendants shall not disclose the terms of this Agreement to any prospective employer of Suarez or in any third party communications inquiry about Suarez, and will provide her a neutral reference to any party inquiring about the services Suarez performed for the Defendants, limited to job title and dates of employment.

11. **Successors.** This Agreement shall be binding upon and shall inure to the benefit of Suarez, and shall be binding upon and shall inure to the benefit of Defendants, and their respective heirs, administrators, successors and assigns, as applicable.

12. **Validity of Agreement.** Should any provision in this Agreement be declared to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement, and all remaining provisions shall remain valid and enforceable.

13. **Voluntary Agreement.** The parties understand and agree that they:

    (a) have had a reasonable time within which to consider this Agreement before executing it;

    (b) have carefully read and fully understand all of the provisions of this Agreement;

    (c) have agreed, through this Agreement, that Suarez is releasing Defendants from any and all claims she may have against them;

    (d) knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    (e) knowingly and voluntarily intend to be legally bound by same;

    (f) were advised to consider the terms of this Agreement with counsel, and have consulted with their counsel prior to executing this Agreement, and

    (g) are duly authorized and have full authority to execute this Agreement.

14. **Confidentiality.** Suarez agrees that she will not disclose the terms of this Agreement to anyone other than her counsel, her accountant/tax advisor, and the IRS. Suarez further agrees to have no further communication in any way relating to this settlement with any person, except those who may be informed as set forth in the above paragraph, provided that each person so informed (except for the IRS) is told that he or she is not to disclose the matter further. To all others, including but not limited to Suarez's boyfriend, any employee or former

6

employee of Defendants, the press or any other inquiry whatsoever, Suarez may say only that "the matter is resolved and I cannot talk about it", or words to that effect. Suarez's keeping of this settlement agreement and amount confidential is a material term of this Agreement, notwithstanding the fact that the Agreement is published in the Court file. Suarez is strictly forbidden from disclosing the terms of the settlement Agreement to anyone and is forbidden from stirring up litigation against the Defendants or from encouraging anyone to sue or bring any sort of action against Defendants. Suarez is also prohibited from calling the Defendants on the phone, from entering into the diner, and from parking on the premises.

15. **No Additional Representations.** Each party acknowledges that except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

16. **Amendment or Modification.** This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

17. **Affirmations.** Suarez further affirms that she has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement.

18. **Entire Agreement.** This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except as set forth in this Agreement.

19. **Captions.** The captions and headings used in this Agreement are for convenience and means of reference only, and shall not be used to construe, interpret, expand or limit the terms of this Agreement.

20. **Counterparts.** The parties agree that this Agreement may be executed by the parties in multiple parts, or in counterparts, each of which shall be considered an original.

21. **Construction.** Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity, the Agreement shall not be construed against any party.

22. **Copy of Agreement Valid.** The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed Agreements are missing.

23. **Attorneys' Fees.** In the event that any party brings an action to enforce this Agreement, the prevailing party, after all appeals or the time for appeal has expired, shall be entitled to reasonable attorneys' fees.

24. **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with applicable federal laws and applicable laws of the State of Florida, without regard to its conflict of laws provision.

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth below.

_____  
MELANIE SUAREZ

Moonlight Diner II, Inc.  
By: _____  
Title: President

8

Date: 3/26/18

LAMBROS KOKKINELIS

9